983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juwanna Coleman ATKINS, Defendant-Appellant.
 No. 89-50121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 30, 1992.
 
 Before FERGUSON, CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juwanna Atkins appeals from her conviction, entered pursuant to a conditional guilty plea, for bank robbery in violation of 18 U.S.C. § 2113(a)(d) and possession of a firearm during a robbery in violation of 18 U.S.C. § 924(c). She argues that her arrest was without probable cause and that certain inculpatory statements and physical evidence should have been suppressed by the district court as fruits of the poisonous tree. Our jurisdiction is based on 28 U.S.C. § 1291. We affirm.
 
 
 3
 The facts are not seriously disputed. In the spring of 1988, the Federal Bureau of Investigation was informed of the license plate number of a getaway vehicle that had been used in the armed robbery of a bank. The FBI traced the license plate to an address in West Covina, California. At about the same time, the FBI obtained eyewitness descriptions of a small-framed black woman, approximately thirty years old, who had robbed several banks in the West Covina area. The FBI also obtained bank surveillance photos from three bank robberies that depicted a robber matching that description. The district court termed these surveillance photos "remarkably clear," as "surveillance photos go."
 
 
 4
 The FBI began a stakeout of the car with the license plate number matching that of the getaway car. On the second day, FBI Special Agent Egon Dezihan spotted a woman sitting in the passenger seat of the vehicle who he felt matched the surveillance photographs and the eyewitness descriptions of the bank robber. He arrested the woman--Atkins--without a warrant. Following Atkins' arrest, Dezihan called the West Covina Police Department to seize and impound the car. After the car was taken next door to the lot used by West Covina police to hold seized cars, Dezihan and another agent searched the car. They discovered various incriminating items, including wigs, clothes, and handguns, that were identified as items depicted in the bank surveillance photos. After arrest, Atkins was questioned by an FBI agent; she made inculpatory statements during the interrogation.
 
 
 5
 Atkins was charged in an indictment with seven counts of bank robbery and one count of possessing a firearm during a robbery. She entered a conditional guilty plea to one count of bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and the firearm possession count, in violation of 18 U.S.C. § 924(c), reserving her right to appeal the district court's denial of her motions to suppress. Atkins now appeals her conviction, arguing that her arrest was not supported by probable cause, and thus the evidence discovered in her car and her inculpatory statements to interrogating officers should be suppressed.
 
 
 6
 We review de novo the district court's determination that Atkins' warrantless arrest was supported by probable cause. United States v. Fixen, 780 F.2d 1434, 1435-36 (9th Cir.1986). Underlying factual findings are reviewed for clear error. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied 476 U.S. 1185 (1986). The test for probable cause to arrest for previous criminal activity is whether facts and circumstances within the arresting officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, to believe that the suspect has committed an offense. Id. The burden of proof lies on the prosecution. Beck v. Ohio, 379 U.S. 89, 97 (1964).
 
 
 7
 Officer Dezihan arrested Atkins on the basis of the following facts and circumstances: she was sitting in a vehicle that matched the license plate number and general description of what was believed to be a bank robbery getaway car; she looked like the robber in "remarkably clear" surveillance photos taken at three different banks; and she generally matched eyewitness descriptions of a bank robber. Although the third factor is of very little force, the first two factors are sufficient, taken together, to warrant a prudent and cautious officer in Dezihan's position to believe that Atkins had committed the offense of bank robbery.
 
 
 8
 Atkins' only counterargument is that Dezihan's identification was suspect because he arrested Atkins "after briefly seeing her profile from a distance of 35 feet." This argument ignores the fact that Dezihan, after making this distant observation, approached Atkins and arrested her. From this close vantage point, there was ample opportunity to make a reliable identification. Because Atkins' arrest was supported by probable cause, her inculpatory statements made to officers who interrogated her following the arrest need not be suppressed.
 
 
 9
 Atkins makes only the barest of challenges to the district court's denial of her suppression motion concerning the physical evidence discovered in the car. Atkins apparently contends that because her arrest was not supported by probable cause, the evidence discovered in the ensuing search of the car was invalid. First, the arrest was valid, as discussed above. Moreover, the propriety of the arrest would not be directly relevant even if the arrest had been invalid; the government does not argue that the search of the car was valid as incident to a lawful arrest. Nor could it. See, e.g., Chambers v. Maroney, 399 U.S. 42, 47 (1970) ("Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.").
 
 
 10
 We find that the search of the car was proper because it was supported by probable cause to believe that the vehicle contained evidence of criminal activity. See generally, United States v. Ross, 456 U.S. 798 (1982). Probable cause for this belief arose from these facts: 1) the vehicle's license plate number matched that of a suspected getaway car from a bank robbery approximately ten days previously; 2) the vehicle was a large, American car, matching several eyewitness descriptions of the getaway car in several recent bank robberies in the area; and 3) a woman discovered inside the car matched "remarkably clear" surveillance photos taken during three different bank robberies. Although the second piece of information has little probative value, the first and third taken together provide the requisite probable cause to believe that a search of the contents of the car would provide evidence related to the bank robberies.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3